IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| OSCAR MELANSON, | § |
| --- | --- |
| Movant, | § § § |
| VS. | § NO. 4:19-CV-162-A |
| | § (NO. 4:16-CR-021-A) |
| UNITED STATES OF AMERICA, | § |
| Respondent. | § § |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Oscar Melanson ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered the motion, the memorandum in support, the government's response, and pertinent parts of the record in Case No. 4:16-CR-021-A, styled "United States of America v. Cleto Tarin, et al.," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On February 10, 2016, movant, along with numerous others, was named in a two-count indictment charging him in Count Two with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine,

in violation of 21 U.S.C. § 846. CR Doc.[1] 37. On March 25, 2016, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 219. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 663.

The probation officer prepared a PSR reflecting that movant's base offense level was 34. CR Doc. 297, ¶ 40. Movant

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-021-A.

received a two-level enhancement for possession of a firearm, id. ¶ 41, and a two-level enhancement for maintaining a premises for manufacturing or distributing a controlled substance, id. ¶ 42. He received a two-level and a one-level adjustment for acceptance of responsibility. Id. ¶¶ 48, 49. Based on a total offense level of 35 and a criminal history category of VI, movant's guideline range was 292 to 365 months. Id. ¶ 118. Because the statutorily-authorized maximum sentence was 20 years, the guideline range became 240 months. Id. Movant filed objections to the PSR. CR Doc. 637. He also filed a motion for sentence variance, arguing that he should not be held responsible for the gun possessed by a co-conspirator, and that he should not be responsible for maintaining a drug premises as he had no possessory interest in the residence where he stayed with his co-conspirator girlfriend. CR Doc. 338. The probation officer prepared an addendum to the PSR. CR Doc. 372.

On July 21, 2016, the court conducted a hearing to consider the calculation of drug quantities for which movant and others should be held responsible. CR Doc. 469; CR Doc. 516. The probation officer filed a second addendum to the PSR reflecting that further drug testing did not result in any change to movant's guideline computations. CR Doc. 581.

On October 7, 2016, movant was sentenced to a term of imprisonment of 240 months. CR Doc. 633. The court heard evidence regarding the objection to the lack of reduction for playing a minor role and regarding and the request for variance, finding them to be without merit. CR Doc. 664. The court noted that movant should be denied acceptance of responsibility and should receive an enhancement for obstruction of justice based on his false testimony at sentencing, but it would not make any difference since his sentence was subject to the statutory cap of 240 months. Id. at 38-39.

Movant appealed. CR Doc. 641. His attorney filed an Anders[2] brief and the appeal was dismissed as frivolous. United States v. Melanson, 708 F. App'x 213 (5th Cir. 2018).

II.

Ground of the Motion

Movant asserts one ground in support of his motion. He says that his plea is invalid as a result of ineffective assistance of counsel. Doc.[3] 1 at PageID[4] 4. In his supporting memorandum, movant purports to assert additional grounds of ineffective

---

[2] Anders v. California, 386 U.S. 738 (1967).

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.

[4] The "PageID __" reference is to the page number assigned by the court's electronic filing system as the page numbers on the form filed by movant are not sequential.

4

assistance of counsel for failure to make certain objections to the PSR. Doc. 2.

III.

Standards of Review

A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States

v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."

6

Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In support of his motion, movant quotes from the transcript of the re-arraignment hearing. Doc. 2 at 4-5. The transcript establishes unequivocally that movant's plea was knowing, voluntary, and intelligent. CR Doc. 663. He then tries to confuse the issue by quoting from the transcript of the sentencing hearing to show that his attorney did not timely discuss the PSR with him or make certain objections to it. Doc. 2 at 5-8. Of course, that has no bearing on whether his plea was knowing and voluntary.

Movant argues that he did not know that he would be responsible for conduct beyond the facts set forth in the factual resume. Specifically, he says he was advised that he would be

sentenced based on the quantity of drugs stated in the factual resume. Doc. 2 at 8. Notably, the factual resume does not set forth a specific drug quantity. CR Doc. 219. And, it very clearly sets forth the elements of the offense and the maximum penalty of twenty years' imprisonment. Id. At the re-arraignment hearing, the court apprised movant of each of the facts he now denies knowing and of the potential consequences of his guilty plea. CR Doc. 663. Movant stated under oath that he understood each of them. Id. "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). A defendant may not ordinarily refute his sworn testimony at a plea hearing while under oath. United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). He may seek habeas relief by proving: (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitnesses to the promise. Id. To be entitled to an evidentiary hearing, the movant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." Id. Here, movant offers nothing more than self-serving conclusory allegations. There is no merit to the contention that his plea was not knowing or voluntary.

Movant refers to alleged errors of his counsel in failing to object to the firearm and drug premises enhancements.⁵ Any objections would have been frivolous. The PSR bore sufficient indicia of reliability to be considered as evidence and the court adopted those facts stated therein as it was entitled to do. United States v. Zuniga, 720 F.3d 587, 590-91 (5th Cir. 2013); United States v. Trujillo, 502 F.3d 353, 357 (5th Cir. 2007). Movant has not shown that his allegations have the slightest merit.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the

---

⁵On March 27, 2019, movant filed in the underlying criminal case a document purporting to be an affidavit of Kendra Ward. CR Doc. 767. The declaration, even if true, does not support the relief sought by movant in his motion.

9

denial of a constitutional right.

SIGNED April 10, 2019.

_____
JOHN McBRYDE
United States District Judge